FILED NOV 26 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _CF_ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **12MJ9129** |
| Plaintiff, | FINDINGS OF FACT AND ORDER OF DETENTION |
| v. | |
| Maria Magdalena CAMPOS, | |
| Defendant. | |

In accordance with 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on November 14, 2012, to determine whether Defendant, Maria Magdalena CAMPOS, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U.S. Attorney Matthew C. Brehm appeared on behalf of the United States. Kendra Martinez of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' officer, and the criminal complaint issued against the Defendant on November 9, 2012, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of the Defendant.

I

FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>

1. The Defendant is charged in Criminal Complaint No. 12MJ9129 with the importation of 17.88 kilograms (39.34 pounds) of cocaine, in violation of Title 21, U.S.C. §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. <u>See</u>, USSG § 2D1.1(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On November 8, 2012, Defendant, applied for entry into the United States at the Calexico, California West Port of Entry. Defendant was the driver and registered owner of a 2006 Chrysler Pacifica. Defendant was accompanied by her three minor children.

2

I

FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1))</u>

1. The Defendant is charged in Criminal Complaint No. 12MJ9129 with the importation of 17.88 kilograms (39.34 pounds) of cocaine, in violation of Title 21, U.S.C. §§ 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801, et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. <u>See</u> 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory sentence of 10 years and a maximum sentence of life. <u>See</u>, 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 34. <u>See</u>, USSG § 2D1.1(3). Assuming the Defendant's criminal history score places hER in Criminal History Category I, <u>see</u>, USSG § 4A1.1, the sentencing range for the Defendant is 151-188 months in prison.

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))</u>:

1. On November 8, 2012, Defendant, applied for entry into the United States at the Calexico, California West Port of Entry. Defendant was the driver and registered owner of a 2006 Chrysler Pacifica. Defendant was accompanied by her three minor children.

| | |
|---|---|
| 1 | During pre-primary roving operations, Customs and Border Protection |
| 2 | Officer (CBPO) R. McCabe's assigned Human/Narcotics Detector Dog |
| 3 | alerted underneath the rear passenger door of the vehicle. In vehicle |
| 4 | primary, CAMPOS stated she bought the vehicle two weeks ago. CAMPOS |
| 5 | and the vehicle were referred to the secondary area for further |
| 6 | inspection. Further search of the vehicle revealed 15 packages |
| 7 | concealed within the quarter panels and roof area of the vehicle. The |
| 8 | combined weight of the 15 packages was approximately 17.88 kilograms |
| 9 | (39.34 pounds). CAMPOS admitted she had knowledge the vehicle |
| 10 | contained something illegal. CAMPOS further stated she was to be paid |
| 11 | $5,000.00 for the smuggling venture. |

  C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))</u>:

    1. Defendant is a United States citizen.

    2. Defendant resides in Brawley, California.

    3. Defendant is self-employed in catering and cleaning houses.

  D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>:

    1. The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. Defendant has the following criminal history:

    10/05/07 - Importation of marijuana (07CR3014-BEN)

      36 months probation

///
///
///
///

## II

### REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 12MJ9056, to wit: the importation of 19.38 kilograms (42.63 pounds) of cocaine, in violation of Title 21, U.S.C., §§ 952 and 960.

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. Therefore, he has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings, that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

///
///

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 11-26-2012

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

LAURA E. DUFFY
United States Attorney

MATTHEW C. BREHM
Assistant U.S. Attorney

cc: Kendra Martinez
    Federal Defenders of San Diego, Inc.

5